C Craig C. van Keulen, Esq. CA SBN 98278
**van Keulen & van Keulen, a p.c.**
Post Office Box 816
Morgan Hill, California 95038-0816
Telephone: (408) 779.7991

**Attorney for Plaintiffs/Judgment Creditors,**
Country Club Villa Shopping
Center, LLC, et al.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RICKY LOPEZ and ANA RUIZ<br><br>Debtors,<br><br>In re:<br><br>Country Club Villa Shopping Center, LLC,<br><br>Plaintiff,<br>vs.<br><br>Ricky Lopez and Ana Ruiz,<br><br>Defendants | Case No.: 14-51759 SLJ<br><br>Chapter 7<br><br>ADV. No.:<br><br>**COUNTRY CLUB VILLA SHOPPING CENTER, LLC's COMPLAINT TO DENY DISCHARGE** |

Craig C. van Keulen, Esq., attorney for Country Club Villa Shopping Center, LLC's (hereinafter referred to as "CCV"), alleges, as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding in which Plaintiff Country Club Villa Shopping Center, LLC seeks an entry of a judgment denying the discharge of the debtors-defendants, Ricky Lopez and Ana Ruiz, pursuant to 11 U.S.C. §727(a) (2), (4), and (5).

1

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 105(a) and 727(a).

3. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J), and (O).

4. Venue in this Court is proper pursuant to 28 U.S.C. §1409 based on the pendency of the above captioned bankruptcy case in this Court.

## PARTIES

5. Plaintiff, a judgment creditor, has standing to bring a civil action to seek the denial of a discharge pursuant to 11 U.S.C. § 727 (c)(1).

6. Ricky Lopez and Ana Ruiz are the defendants. Defendants are adult individuals who reside in Santa Clara County, California.

## BACKGROUND FACTS

7. Ricky Lopez and Ana Ruiz (the "Defendants") filed a voluntary petition under chapter 7 of the U.S. Bankruptcy Code on April 23, 2014.

8. On April 24, 2014 an Order To File Required Documents and Notice Regarding Dismissal to Defendants was entered by the Court.

9. The Defendants First Meeting of Creditors (341 hearing) was originally scheduled for May 27, 2014 at 10:30 am. The morning of May 27, 2014 the 341 hearing was continued to June 10, 2014 at 11:30 am. to allow Defendants adequate time to complete their Petition, Schedules and Statement of Financial Affairs ("SoFA") prior to the 341 hearing.

10. The Defendants First Meeting of Creditors (341 hearing) continued to June 10, 2014 at 11:30 am. to allow Defendants adequate time to complete their Petition, Schedules and Statement of Financial Affairs ("SoFA"), was adjourned on the day of this first continued 341 hearing date to July 8,

2

Case: 14-05076   Doc# 1   Filed: 07/28/14   Entered: 07/28/14 12:06:56   Page 2 of 7
COUNTRY CLUB VILLA SHOPPING CENTER, LLC's COMPLAINT TO DENY DISCHARGE

2014 at 11:00 am because the Personal Financial Management Course Certificate had not been filed by Defendants, among other deficiencies.

11. In connection with Defendants' bankruptcy case, Defendants filed Schedules A through J and a SoFA on June 2, 2014.

12. Defendants signed their petition, schedules and SoFA under penalty of perjury and indicated that they reviewed the contents of the documents and that the contents were true and correct.

13. Defendants appeared and testified at a meeting of creditors held on July 8, 2014 at 11:00 am in connection with their Chapter 7 case at which time they were sworn under oath.

14. Defendants testified at his meeting of creditors, that they did review all of the schedules and responses to the questions contain in the SoFA, the Petition and Schedules.

15. As of the date of this Complaint, Defendants/Debtors have not filed any amended Schedules or SoFA.

16. Defendants testified that they owned no real property or interests now, and collected no rents as landlords. Defendants could not provide the full name of the new business owner, of Jesenia Janitorial Supply and testified that they had no interest in the new Jesenia Janitorial Supply business that continues to operate across the street from the prior space rented from Plaintiff giving rise to Plaintiffs judgment lien for unpaid rent which has now been discovered to have been occupied by Jesenia Janitorial Supply, Inc., a California Corporation, that Defendant testified that he had and has no ownership interest in. This information is not set forth on Defendants Schedule B or SoFA #2.

17. Defendants testified that they operated various companies in the past two years, namely MAS Wheels, The Soccer Shop, Palacio De Denias, and Jesenia's Janitorial Supply, Inc. These businesses are not set forth on Defendants Schedule B #13, or SoFA # 2, 11, 18, and 20.

3

18. The Defendants testified that they did not own and operate the business Jesenia's Janitorial Supply, Inc., within the past two years, and did not list it on Debtors Schedule B #13. Defendants testified that a business which they have no interest in, with the exact same name, and with the exact same inventory, continues to operate at 440 Toyon Rd. San Jose, CA 95127, directly across the street from Defendants prior location at 3463 McKee Rd., San Jose, CA 95127 which gave rise to Creditors claim for unpaid rent. Contrary to Defendants Bankruptcy filings, Petition, Schedules and Statement of Affairs, Defendants recently produced tax returns showing that Defendants have a 30% interest in Jesenia Janitorial Supply, Inc., which is an active California Corporation.

19. Defendants testified, however, that they no longer have any interest in the Jesenia Janitorial Supply business located across the street from their old location.

20. Defendants testified that they could not identify any documents in their possession that show a change in ownership of the business, or termination of the business, Jesenia Janitorial Supply, Inc. The California Secretary of State's office shows the business Jesenia's Janitorial Supply, Inc. as an active business entity number C2366204, with Defendant, Ricky, as the agent for service of process.

21. Defendants testified that they did have a bookkeeper, Roseanne De Lano that handled all the books and records for them personally and their businesses, however, she is no longer working for them. This bookkeeper's name and contact information is not set forth on Defendants SoFA # 19.

## FIRST CLAIM FOR RELIEF

### §727(a)(2) – Intent to Hinder, Delay or Defraud a Creditor

22. Plaintiff hereby incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

23. Plaintiff is informed and believes and thereon alleges Defendants remain the owners of Jesenia Janitorial Supply previously located at 3343 McKee Rd., San Jose, CA 95127, and now located

4

directly across the street at 440 Toyon Rd., San Jose, CA. 95127, which is an ongoing and operating business, which business interest is not disclosed on Defendants Schedule B, #13, or on Defendants SoFA # 2, 11, 18 and 20, with the intent to hinder, delay or defraud their creditors.

24. Plaintiff is informed and believes and thereon alleges Defendants remain the owners of Jesenia Janitorial Supply previously located at 3463 McKee Rd. San Jose, CA 95127, and now located directly across the street at 440 Toyon Ave, San Jose, CA. 95127, which is an ongoing and operating business, which business interest was not disclosed on Defendants Schedule B #13, #35, or on Defendants SoFA # 10, 11, 18 and 20, and from which Defendants are receiving direct or indirect compensation which they are not disclosing on their Schedule I, Statement of current Monthly Income and Means Test Calculation filed with the Court, and SoFA #1 and 19, with the intent to hinder, delay or defraud their creditors.

25. Plaintiff is informed and believes that Defendants could provide the full name of the business "new" Jesenia Janitorial Supply owner, the nature of the transfer transaction, if any, and a copy of the lease, and are refusing to do so with the intent to hinder, delay or defraud their creditors.

26. Plaintiff is informed and believes that Defendants owned and operated various companies in the past two years, namely MAS Wheels, The Soccer Shop, Palacio De Denias, and Jesenia's Janitorial Supply. These businesses are not set forth on Defendants Schedule B #13, or SoFA # 2, 11, 18, 20 and 21, and are not so scheduled or listed with the intent to hinder, delay or defraud their creditors.

27. Plaintiff is informed and believes that Defendants own and operate the business known as Jesenia's Janitorial Supply, but did not list it on Debtors Schedule B #13 or SoFA #18. Plaintiff is informed and believes the Jesenia Janitorial Supply business, which has the **exact same name**, and with the **exact same inventory**, as the corporation they schedule, and which continues to operate at 440

5

COUNTRY CLUB VILLA SHOPPING CENTER, LLC's COMPLAINT TO DENY DISCHARGE

Toyon Rd. San Jose, CA 95127, directly across the street from Defendants prior location at 3463 McKee Rd., San Jose, CA 95127, is owned and operated by Defendants and is not scheduled or listed by Defendants for the purpose of hindering, delaying or defrauding their creditors.

28. Plaintiff is informed and believes that Defendants have made or received personal loans from Jesenia Janitorial Supply, Inc., which loans were not disclosed in Defendants SoFA #7, #10 and Personal Property Schedule B, #18 and #35.

29. Plaintiff is informed and believes that Defendants did have a bookkeeper, Roxanne De Lano, that handled all the books and records for them personally and their businesses, and that this bookkeeper's name and contact information was not set forth on Defendants SoFA # 19 for the purpose of hindering, delaying or defrauding their creditors.

## SECOND CLAIM FOR RELIEF

### §727 (a)(4) – False Oath of Account

30. Plaintiff hereby incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

31. Defendants knowingly and fraudulently failed to disclose in their answers to questions contained in Debtors schedules, and as set forth specifically herein, true and correct answers.

## THIRD CLAIM FOR RELIEF

### §727(a)(5) – Failure To Satisfactorily Explain Loss or Deficiency of Assets

32. Plaintiff hereby incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

33. Defendants failed to satisfactorily explain the loss of inventory, accounts receivables, business good will, and other assets of the business named Jesenia Janitorial Supply, Inc. with the claimed termination of the business, and its reopening across the street.

34. Defendants failed to satisfactorily explain the loss of books and records of their businesses, including but not limited to, Jesenia Janitorial Services, Inc. by them, or those records held by their bookkeeper, described above, who was not disclosed in their Schedules or SoFA.

**PRAYER**

WHEREFORE, Plaintiff prays for the following:

1. A judgment denying Defendants' discharge pursuant to 11 U.S.C. §727(a)(2), 11 U.S.C.. §727(a)(4); and/or 11 U.S.C. §727(a)(5); and

2. A judgment determining Defendants' debts identified in Defendants' Schedules are non-dischargeable; and

3. A bar to re-filing under any chapter of the Bankruptcy Code for a period of 8 years;

4. For such other and further relief as the Court deems just and proper.

Dated: July 28, 2014

van Keulen & van Keulen, a p.s.

By: _____
Craig C. van Keulen, Esq.
Attorney for Plaintiffs/Judgment Creditors,
Country Club Villa Shopping
Center, LLC, et al.

7

Case: 14-05076   Doc# 1   Filed: 07/28/14   Entered: 07/28/14 12:06:56   Page 7 of 7
COUNTRY CLUB VILLA SHOPPING CENTER, LLC's COMPLAINT TO DENY DISCHARGE